ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at FPF OFFICE, 1901 CROSS BEAM DR., CHARLOTTE, NC 28217.

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number 2021151200021801.

Check ONLY ONE (1) of the following choices:

☐ 1. **I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ 2. **I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ 3. **I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☒ 4. **I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

_Jermaine Sanders_  _3/3/21_
Name (Print)           Date

_Jermaine Sanders_
Signature

# U.S. CUSTOMS AND BORDER PROTECTION
# CAFRA SEIZED ASSET CLAIM FORM

*This claim is submitted subject to Claimant's jurisdiction objection.

Name: Jermaine Sanders  
Address: c/o 401 N. Mangum St. Durham, NC 27701  
(Perry Legal Services, PLLC)

Case Number: 2021151200021801  
Telephone No: (919) 701-5353

**IMPORTANT: BE SURE TO COMPLETE ALL PARTS BELOW.
THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER SELF, <u>NOT</u> BY THE ATTORNEY OR OTHER REPRESENTATIVE ACTING ON BEHALF OF THE CLAIMANT.**

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

### PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

### PART II

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

### PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

Jermaine Sanders    3/3/21  
Name (Print)    Date

Sanders  
Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.

(ATT 8-H: Revised November 2014)

U.S. Customs and Border Protection
CAFRA Seized Asset Claim Form Attachment

JURISDICTIONAL OBJECTION and PART I and PART II Responses

No federal authority, including any federal court, can assert jurisdiction over the res in this matter because a North Carolina state court, i.e. the Iredell County General District Court of Justice for the State of North Carolina, acquired *in rem* jurisdiction over the currency **before** the Government's purported adoption of the seizure. On November 15, 2020, officers of the Mooresville Police Department illegally searched a parked and unattended car without a warrant. The police seized $16,761 in cash, claiming the taking was for *safe-keeping*. On November 19, 2020, Claimant's state court counsel filed an *in rem* petition for return of the currency with the Iredell County court. This motion for return of the property in state court vested the said court with exclusive jurisdiction over the subject cash, a fact the state court overtly proclaimed (see order attached hereto at Exhibit 1).

It is well-settled under federal common law that "[T]he court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn General Cas. Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935). Jurisdiction vested exclusively with the state court upon the filing of the November 19th motion to return property. "When two suits have substantially the same purpose and the jurisdiction of the courts is concurrent, the one whose jurisdiction and process are first invoked by the filing of the bill is treated as in constructive possession of the property and as authorized to proceed with the cause." *Id.* at 196.

In a forfeiture case, when a claimant files a motion to return property before a federal agency purports to assert jurisdiction over it, the state court has exclusive jurisdiction and the federal court does not have subject matter jurisdiction. *E.g., Green v. City of Montgomery*, 55 So.3d 256 (Ala. App. 2009) (federal court lacked jurisdiction because motion to return property filed in state court before purported adoption); *Madewell v. Downs*, 68 F.3d 1030, 1039 (1995) (filing of state court proceedings before federal government purports to "adopt" a seizure for forfeiture fixes exclusive jurisdiction with the state court); *United States v. Winston-Salem/Forsyth County Board of Educ.*, 902 F.2d 267, 271 (4th Cir. 1990) (if state *in rem* proceeding is started before federal forfeiture proceeding, "the district court [would be] required to yield to the prior jurisdiction of the state court"); *Crawford v. Courtney*, 451

1

F.2d 489, 491 (4th Cir. 1971) (first to file rule of *Penn General* "not restricted to cases where property has been actually seized under judicial process before a second suit is instituted").

Additionally, the U.S. Department of Justice's Asset Forfeiture Policy Manual (e.g. Chapter 3, Section II. (B.)) and its Justice Manual (e.g. Title 9, Section 9-116.110) each acknowledge this principle. Although subject matter jurisdiction cannot be waived, and any subsequent federal action in this case will violate clear, black letter jurisdictional rules[1] (to say nothing of Federal Rule of Civil Procedure 11), to prevent procedural confusion, and subject to his objections to these proceedings, Claimant presents his claim pursuant to 18 U.S.C. § 983 and Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

# PART I

1. IDENTIFICATION OF THE SPECIFIC PROPERTY CLAIMED: $16,761.00 in currency.

# PART II

2. CLAIMANT'S INTEREST IN SUCH PROPERTY: I am the owner, and was the possessor, of the currency.

---

[1] The principle is well settled that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 296 (2006). This principle is "traceable to the earliest days of the Republic." *United States v. One 1987 Mercedes Benz Roadster*, 2 F.3d 241, 244 (7th Cir. 1993).

2

Exh. 1

STATE OF NORTH CAROLINA ) IN THE GENERAL COURT OF JUSTICE
IREDELL COUNTY ) DISTRICT COURT DIVISION
) FILE NUMBER: 20CR055180
)
STATE OF NORTH CAROLINA )
)
v. )
) ORDER
JERMAINE SANDERS )
DEFENDANT. )

**THIS MATTER COMING ON TO BE HEARD AND BEING HEARD** before the Honorable Christine Underwood, District Court Judge presiding over the regularly scheduled February 9, 2021 session of District Criminal Court, Statesville, North Carolina, upon the Court's Order on Verified Motion to Show Cause why the Mooresville Police Department should not be held in contempt for failure to release funds to Jermaine Lydell Sanders, as previously ordered by this Court. The Mooresville Police Department is represented by Patrick Flanagan, who was present in open Court, and the Defendant is represented by Attorney Ashley Cannon. Upon hearing arguments of Counsel and reviewing case law presented by both counsel, the Court makes the following

### FINDINGS OF FACT:

1. On November 15, 2020, the Mooresville Police Department seized $16,761.00 in cash as a part of a search of Mr. Sanders' rental vehicle, in violation of Mr. Sanders' 4th, 5th and 8th Amendment U.S. constitutional rights, as made applicable to the states by the 14th Amendment.

2. On November 17, 2020, Defense Counsel contacted Assistant District Attorney Elizabeth Floyd to inquire about the cash being returned.

3. On November 18, 2020, ADA Floyd indicated she would contact the Mooresville Police Department in regard to returning Defendant's money.

4. On November 19, 2020, Defense Counsel filed a motion for the cash to be released to the Defendant, and served the motion on the District Attorney's Office.

5. The motion specifically and exclusively concerned Defendant's above said cash that was unlawfully seized on November 15th, and it requested this Court to adjudicate disposition of it.

6. The motion was noticed for hearing on the original court date of November 24, 2020 given to the Defendant at his first appearance.

7. This Court acquired in rem jurisdiction over the cash on November 19, 2020-the date Defense Counsel filed the motion for return of property.

8. A hearing was held on the motion before the Honorable Judge Deborah Brown on November 24, 2020.

9. At this hearing, the State of North Carolina, by and through Assistant District Attorney Josh Whaley, presented a photocopy of a cashier's check dated November 23, 2020 in the amount of $16,761.00 made payable to US Customs and Border Protection.

10. ADA Whaley argued that because of this transfer to the said federal agency, the cash could not be returned to the Defendant, and that the cash was no longer subject to this Court's jurisdiction.

11. Judge Brown rejected these arguments, thereby reasserting this Court's in rem jurisdiction over the cash, and ordered that the sum of $16,761.00 be paid by the Mooresville Police Department to Mr. Sanders.

12. Judge Brown's order was filed on November 24, 2020. On the same date, Defense Counsel emailed a copy of the order to Detective Shawn Elliott and ADA Floyd.

13. Defense Counsel also sent a copy of the Order to the Mooresville Police Department.

14. On November 25, 2020, ADA Floyd forwarded an email to Defense Counsel that she had received from Detective Elliott. See Exhibit A.

15. In the email, Detective Elliott told ADA Floyd to "refer Ms. Cannon to the United States Attorney's office or the United States Department of Homeland Security for any further inquiries about this case."

16. The order entered by Judge Deborah Brown on November 24, 2020 at 2:28 p.m. is legally valid, and is enforceable by the contempt powers of this Court.

17. The Mooresville Police Department is an agency of the Town of Mooresville, and it operates under the supervision and control of the Town of Mooresville. Together or severally, the said town and police department have the financial means to comply with the Court Order entered on November 24, 2020.

18. Although Counsel for the Mooresville Police Department argued, in defense of not being held in contempt, that the Town of Mooresville and the Mooresville Police Department are incapable of returning the seized funds because a federal agency has them, this argument has previously been resolved and is res judicata.

19. Furthermore, this argument is meritless in view of the Town of Mooresville and Mooresville Police Department's ability to use funds, or to liquidate assets, at their disposal so as to enable them to comply with the subject order by releasing $16,761.00 to Mr. Sanders.

20. Finally, Judge Brown's November 24th order did not premise release of the amount of $16,761.00 on the police department's ability to effect reversal of its wrongful transfer of a different $16,761.00 to a third party.

21. The Mooresville Police Department may never be able to reverse its unauthorized conduct in attempting to remove from this court's jurisdiction rem over which the court had jurisdiction. However, should said department later be successful in recovering $16,761.00 from federal authorities, it will obviously be entitled to keep those funds to replenish the payment required by Judge Brown's November 24th order.

22. The Court also takes note that the Mooresville Police Department has not filed an appeal of the November 24, 2020 Order, nor a motion to set aside the Order.

23. By its conduct, the Mooresville Police Department has willfully failed to comply with Judge Brown's Order entered on November 24, 2020.

24. The Town of Mooresville and the Mooresville Police Department have had 77 days to make arrangements to comply with the Order.

25. The Town of Mooresville, by and through the Mooresville Police Department, which town also had notice of the November 24, 2020 order, has willfully failed to comply with Judge Brown's Order entered on November 24, 2020.

**BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:**

1. This Court has jurisdiction over the subject matter and parties herein.

2. The failure of the Town of Mooresville and the Mooresville Police Department to comply with Judge Brown's Order entered on November 24, 2020 is willful, and the Town of Mooresville and the Mooresville Police Department have the present ability to comply with the Order.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Mooresville Police Department and the Town of Mooresville are held in civil contempt of Court, and shall purge themselves by returning $16,761.00 to Jermaine Lydell Sanders within seven business days of entry of this Order, or this Court shall issue orders for arrest for those individuals who have the authority to release said funds and produce them to Mr. Sanders.

Entered in open court this the 9th day of February, 2021.

_____ Signed 2/11/2021
The Honorable Christine Underwood
District Court Judge Presiding

3