IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00053-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **ORDER** |
| $16,761 IN UNITED STATES CURRENCY, | |
| Defendant. | |

**THIS MATTER** is before the Court on the Government's Motion for a Default Judgment (Doc. No. 58). Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to approximately $8,380.50 in U.S. currency as identified in the Complaint and the Parties' Consent Judgment (Doc. Nos. 1, 54-55).

### I. FACTS AND PROCEDURAL HISTORY

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2011); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint, Doc. 1, are deemed admitted as true. The following is a recitation of the relevant, admitted facts:

On November 16, 2020, law enforcement encountered Jermaine Lydell Sanders early in the morning in Mooresville, North Carolina. Doc. No. 1 at ¶¶ 1, 2, 5. Law enforcement officers smelled marijuana on Sanders and in his car but allowed him to return to his hotel room with a

1

planned follow-up in the morning. *Id.* at ¶ 5. When officers returned in the morning, Sanders fled in an unidentified acquittance's vehicle, leaving behind personal belongings and his car. *Id.* After officers made contact with Sanders, he refused to return to the hotel or provide keys to the vehicle. *Id.*

At that point, a drug detection canine alerted Officers to both the car and items left behind in the hotel lobby. *Id.* at ¶ 6. The subsequent search revealed marijuana shake in Sanders' personal effects and the $16,761 (the "currency") in his car. *Id.* The canine "later positively alerted to the Currency in a blind lineup." *Id.*

On March 26, 2021, the Government filed a Verified Complaint for Forfeiture *In Rem*, alleging that the currency seized from Mr. Sanders was subject to civil forfeiture under 21 U.S.C. § 881(a)(6). *Id.* at ¶ 8. On March 26, 2021, the Clerk issued a Warrant for Arrest *In Rem* for the currency. *See* Doc. No. 2. After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, it published notice via forfeiture.gov between March 31, 2021, and April 29, 2021. *See* Doc. No. 12. The Government also mailed direct notice to Mr. Sanders and his counsel. *See* Doc. No. 8.

On April 13, 2021, Mr. Sanders filed a verified claim for the currency. *See* Doc. No. 6. Following litigation and an appeal, the parties entered into an agreement to split the currency in two, with each side receiving $8380.50 of the currency, which the Court granted. *See* Doc. Nos. 54, 55. Notice of forfeiture of these funds has been properly published and directly provided, there are no claims remaining as to the property, and the time for filing claims has expired. On January 19, 2024, the Clerk entered an Entry of Default. *See* Doc. No. 57.

## II.      DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq. See* 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currencies are subject to civil forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual, other than Mr. Sanders, whose claim has been resolved, has timely filed a claim for the currency.

In sum, the Court finds that the Government has established that default judgment is appropriate.

## III.      JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Currencies identified in the Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the currency are hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Currencies as provided by law.

**SO ORDERED**.

Signed: February 5, 2024

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge